UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JUSTIN WHITNEY CROWDER, ) | |
| ) | |
|    *Plaintiff,* ) | |
| ) | |
| v. ) | No. 1:11-cv-360 |
| ) | *Mattice/Lee* |
| CHATTANOOGA POLICE DEPARTMENT; ) | |
| DETECTIVE MARK H. BENDER, J.T. ) | |
| ENTERPRISE TOWING COMPANY, ) | |
| ) | |
|    *Defendants.* ) | |

## **MEMORANDUM**

The Court is in receipt of a *pro se* complaint, filed pursuant to 42 U.S.C. § 1983, by Justin Whitney Crowder ("Plaintiff") (Court Doc. 2), and a motion to proceed *in forma pauperis* (Court Doc. 1). Because Plaintiff failed to submit a Prisoner Account Statement Certificate and certified copy of his inmate trust account for the previous six-month period, the Court issued a deficiency order (Court Doc. 3). On May 14, 2012, the Court issued an order directing Plaintiff to file, within thirty (30) days from the date of the Order, the necessary trust account documents (Court Doc. 3). Plaintiff was forewarned that failure to return the completed documents within the time required would result in the dismissal of his case for lack of prosecution.

Plaintiff's mail was returned and he has not notified the Court of a current address. Thus, Plaintiff will be unable to timely respond to the Court's Order. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case. The Court's inability to communicate with plaintiff and the Court's interest in managing the docket weigh in favor of dismissal, as the Court cannot

hold this case in abeyance indefinitely based on Plaintiff's failure to notify the Court of his current address.

Plaintiff has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with Plaintiff due to his failure to keep the Court apprised of his current address, no lesser sanction than dismissal is feasible.

Therefore, this action will be **DISMISSED** for Plaintiff's failure to prosecute and to comply with the orders of this Court and his motion to proceed *in forma pauperis* will be **DENIED** (Court Docs. 1 & 2). Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

An appropriate Judgment will enter.

       *s/ Harry S. Mattice, Jr.*
       HARRY S. MATTICE, JR.
       UNITED STATES DISTRICT JUDGE